O’NIELL, Chief Justice.
 

 The appellant was convicted of killing ■squirrels out of season, in violation of a parish ordinance, and was sentenced to pay .a fine of $25 and the costs of court or be imprisoned in the parish jail for 30 days.
 

 In a motion to quash the bill of information, and again in a motion for a new tiial and a motion in arrest of judgment, the defendant pleaded that the parish ordinance was unconstitutional, for several reasons which we find it unnecessary to consider. He pleaded also that in any event the ordinance was illegal because it was so worded as to have no meaning or effect. The motions were overruled.
 

 This court has jurisdiction of the question of constitutionally or legality of the ordinance, under the provision in Section 10 of Article VII of the Constitution that the Supreme Court shall have appellate jurisdiction in all cases “where the ■legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof.”
 

 The charge in the bill of information, stated specifically, is that on' the 1st day of October, 1944, the defendant “did unlawfully hunt and take six squirrels during the closed season, contrary to the provisions of Ordinance 202 of the Police Jury of Concordia Parish”. Under the state law the 1st day of October was within the open season for hunting squirrels. In Section 1 of Article III of Act 273 of 1926, being Section 2947 of Dart’s General Statutes, the annual open season for hunting squirrels is from October 1st to January 15th; and, according to Section 1 of Article I of the act, being Section 2925 of Dart’s General Statutes, the term “open season” includes the first and the last of the two days mentioned. Hence the defendant is not accused of violating the state law.
 

 The ordinance purports to “curtail” the open season for hunting squirrels, or deer
 
 *509
 
 or bear, as fixed by the state law, but does not give the extent of the curtailment, or indicate whether it shall be cut off from the beginning or from the end of the open season, from October 1st to January 15th. The first section of the ordinance, adopted on April 14, 1943, reads as follows: “Section 1. Be it ordained by the Police Jury of the Parish of Concordia, State of Louisiana, in lawful session convened, that the open seasons for the hunting and taking of wild deer, bear and squirrels within the boundaries of the Parish of Concordia, State of Louisiana, are hereby curtailed for the open seasons of 1943-1944, the open seasons of 1944-1945, and the open seasons of 1945-1946, it being apparent that a curtailment of the open seasons so that such game life may restock themselves by natural breeding is necessary, and written consent having been given by the Conservation Commissioner of the State of Louisiana to the Police Jury of the Parish of Concordia, to adopt this ordinance.”
 

 The second section of the ordinance imposes the penalty, — a fine not less than $25 or more than $100, or imprisonment for a period not exceeding 60 days, or both the fine and imprisonment; the third section repeals all ordinances in conflict with Ordinance No. 202; and the fourth or last section provides that Ordinance No. 202 shall become effective after promulgation in the official journal of the parish, once a week for four consecutive weeks. Such promulgation is required by the third paragraph of Section 15 of Article I of Act 273 of 1926, Section 2939 of Dart’s General Statutes. Ordinance No. 202 was adopted under authority of that section of the: statute, which section reads as follows:
 

 “Section 15. The Police Jury of any parish may apply to the Conservation Commissioner for the right to adopt an ordinance to curtail the open season in such, parish, or any part thereof, when it becomes apparent that the game bird and game quadruped life are in need of a curtailment of the open seasons so that such-game life may restock themselves by natural breeding.
 

 “Upon receipt of such application and’ if conditions indicate the need of adding-protection for any game Dird or game-quadruped or all of them, the Commissioner may give written consent lo the police jury of the parish to adopt, in their discretion, an ordinance to curtail the open season, but for not more than three consecutive years, which curtailment shall apply to everyone, including the residents of such parish.
 

 “Such curtailment shall become effective only after notice of the adoption of such ordinance shall have been promulgated by the police jury, in the official parish journal, once a week for four consecutive-weeks prior to the regular annual open seasons for hunting. Annual special parish close seasons on the game birds and game-quadrupeds shall commence on the legal, date of the open seasons in each year.”
 

 The argument for the prosecution is that the ordinance abolished the three open seasons, namely, the open season from October 1, 1943, to January 15,
 
 *511
 
 1944, and the open season from October 1, 1944, to January 15, 1945, and the open season from October 1, 1945, to January 15, 1946; and that, in that way, the ordinance suspended altogether the right to hunt wild deer, bear or squirrels for the period of three years. The ordinance does not read that way, or convey any such meaning. According to Webster’s New International Dictionary, 2 Ed., unabridged, the word “curtail” means “to cut off the end, or any part, of; hence to shorten; abridge; diminish; lessen; reduce.” The word “abolish” or the word “suspend” is not given in the dictionaries as one of the definitions of the word “curtail”. In fact, in common parlance, or in law composition, the word “curtail” has no such meaning as “abolish”. The ordinance declares that the three open seasons which are thereby declared curtailed are the open season of 1943-1944, — meaning from October 1, 1943, to January 15, 1944; and the open season 1944 — 1945,—meaning from October 1, 1944, to January 15, 1945; and the open season 1945-1946,- — meaning from October 1, 1945, to January 15, 1946. To declare that these three open seasons, 1943-1944, 1944-1945, and 1945-1946, “are hereby curtailed”, without indicating how, or the extent to which, they are “curtailed”, means nothing.
 

 Conceding, for the sake of argument, that the authority given by the statute, to each parish, “to curtail the open season, but for not more than three consecutive years”, includes the authority to “abolish” the open season for a continuous period not exceeding three years, the ordinance in this instance does not purport to “abolish” the open season for the three consecutive years, or to suspend the right to hunt wild deer, bear or squirrels for the continuous period of three years. If the author of the ordinance intended to abolish the open seasons for hunting wild deer, bear and squirrels for a period of three years, he need not have specified the three annual open seasons, 1943-1944, 1944-1945, and 1945-1946; nor should he have used the word “curtail”, with reference to the three annual open seasons, and without indicating the extent of the curtailment. It would have been an easy matter to word the ordinance so as to have no open season for hunting wild deer, bear and squirrels in the parish for a period of three years, if the police jury intended — and if the statute gave the authority to the police jury — to suspend the right to hunt wild deer, bear and squirrels in the parish for a period of three years.
 

 The concluding sentence in Section 15 of the statute leaves no doubt that, in conferring upon the parishes the authority to curtail, locally, the open hunting seasons established by the state law, the lawmaker intended that any such curtailment that might be made by a parish ordinance should be made by postponing the beginning — and not by cutting off the tail end— of the State’s open season. That sentence reads as follows: “Annual special parish close seasons on the game birds and game quadrupeds shall commence on the legal date of the open seasons in each year.”
 

 The term “annual special parish close season” means that part of the statutory
 
 *513
 
 open season which, a parish has seen fit to close, locally, by a police jury ordinance. Hence the declaration that “Annual special parish close seasons * * * shall commence on the legal date of the open seasons in each year” means that any curtailment that a parish may see fit to make, of the statutory open season, must be measured from the beginning of the statutory open season. For example, if a parish sees fit to curtail the statutory open season for hunting squirrels, the concluding sentence in Section 15 of the statute requires that the curtailment — which is called the annual special parish close season— shall commence on the 1st day of October, and not on any day between that date and the 15th day of January.
 

 It may be conceded, for the sake of argument, that the police jury of a parish could abolish locally a state-wide open season by “curtailing” it out of existence; because the statute does not impose any time limit upon the so-called “annual special parish close seasons” which a parish may adopt, — except that a parish shall not curtail more than three of the annual open seasons consecutively. But, if a parish does not have the authority, and does intend, to abolish locally a statutory open season — or to abolish ■ two or three of such open seasons in a row — the ordinance which is adopted to effect that purpose must declare definitely that the open season is abolished — or that the two or three open seasons are abolished — or declare something more definite than the mere pronouncement that the three open seasons are “curtailed”.
 

 Having concluded that Ordinance No. 202 is invalid because of its being meaningless and therefore unenforceable, we find it unnecessary to pass upon the several pleas of unconstitutionality, made in the defendant’s motion to quash the bill of information, in his motion for a new trial, and in his motion in arrest of judgment.
 

 The conviction and sentence are annulled and the prosecution of the defendant is ordered dismissed.